

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 18-CR-00169-WS |
| | ) | |
| JASON ALAN WILKINS | ) | |

## PLEA AGREEMENT

The defendant, **JASON ALAN WILKINS** , represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count One of the indictment, charging a violation of Title 18, United States Code, Section 1958(a), Murder for Hire.

1

2

3.    The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.    The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.    The defendant is not under the influence of alcohol, drugs, or narcotics.  He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.    The defendant has had the benefit of legal counsel in negotiating this Plea Agreement.  He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him.  The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.    The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt.  The defendant and his counsel have discussed possible defenses to the charge.  The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.    A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing.  The Factual Resume is incorporated by

Rev. 8/14

3

reference into this Plea Agreement.  The defendant and the United States agree that the Factual Resume is true and correct.  Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9.      This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement.  There have been no promises from anyone as to the particular sentence that the Court will impose.  The defendant is pleading guilty because he is guilty.

10.      The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter.  This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## **PENALTY**

11.      The maximum penalty the Court could impose as to Count One of the Indictment is:

    a.      Ten (10) years imprisonment;

    b.      A fine not to exceed $250,000;

    c.      A term of supervised release of three (3) years, which would follow any term of imprisonment.  If the defendant violates the conditions of

Rev. 8/14

4

supervised release, he could be imprisoned for the entire term of supervised release;

d.   A mandatory special assessment of $100.00; and

e.   Such restitution as may be ordered by the Court.

## **SENTENCING**

12.   The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13.   The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14.   The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant

5

sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15.    Both the defendant and the United States are free to allocute fully at the time of sentencing.

16.    The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case.  The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.  The defendant agrees to make full restitution as to all relevant conduct regardless of whether it relates to the count of conviction.

## FORFEITURE

18.    The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities.

## FINANCIAL OBLIGATIONS

19.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant

6

agrees to disclose fully all assets in which the Defendant has any interest or over

which the Defendant exercises control, directly or indirectly, including those held

by a spouse, nominee or other third party.

### UNITED STATES' OBLIGATIONS

20.   The United States will not bring any additional charges against the defendant

related to the facts underlying the Indictment.  This agreement is limited to the

United States Attorney's Office for the Southern District of Alabama and does not

bind any other federal, state, or local prosecuting authorities.

The United States will recommend to the Court that the defendant be sentenced at

the low end of the advisory sentencing guideline range as determined by the

Court.

### APPLICATION OF USSG § 5K1.1 AND/OR FED. R. CRIM. P. 35

21.   The defendant understands and agrees that he has no right to cooperate, and that

the decision whether to allow him to cooperate is reserved solely to the United

States in the exercise of its discretion.  If the United States agrees to allow the

defendant to cooperate, and if the defendant agrees to cooperate, the following

terms and conditions apply:

    a.   The defendant shall fully, completely, and truthfully respond to all

questions put to him by law enforcement authorities regarding the

underlying facts of the offense(s) with which he is charged, as well as the

underlying facts of any criminal offense(s), state or federal, of which he

has information or knowledge.

Rev. 8/14

7

b. The defendant acknowledges that he understands that he shall provide truthful and complete information regarding any offense about which he has knowledge or information regardless of whether law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to any and all persons about whom the defendant has such knowledge or information.

c. The defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. The defendant agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying completely and truthfully before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d. If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. The defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation

Rev. 8/14

8

of whether there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

e.  The defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to his participation in and knowledge of criminal activities, regardless of whether it relates to the charged offense.  This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

f.  The defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

g.  If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable.  The United States specifically reserves the right to make the decision relating to the

9

extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance. The defendant understands that a mere interview with law enforcement authorities does not constitute substantial assistance.  The defendant also understands that, should he provide untruthful information to the United States at any time, or fail to disclose material facts to the United States at any time, or commits a new criminal offense, the United States will not make a motion for downward departure.  If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the advisory guideline range.

h. The United States and the defendant agree that any breach of this agreement by the defendant, including but not limited to committing a new offense, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination,

10

failing a polygraph examination, or refusing to testify before the grand

jury or at any judicial proceeding, would:

    (1)  permit the United States to reinstate and proceed with

           prosecution on any other charges arising from the matters

           underlying the Indictment; and

    (2)  permit the United States to initiate and proceed with the

           prosecution on any other charges arising from a breach of

           this agreement.  The United States will not be limited, in

           any respect, in the use it may make against the defendant of

           any information provided by the defendant during his

           breached cooperation.  Such breach will constitute a waiver

           of any claim the defendant could make under the United

           States Constitution, the Federal Rules of Evidence, the

           Federal Rules of Criminal Procedure, or any statute or case

           law by which the defendant seeks to suppress the use of

           such information or any evidence derived from such

           information.

i.  Nothing in this agreement shall protect the defendant in any way from

    prosecution for any offense committed after the date of this agreement,

    including perjury, false declaration, false statement, and obstruction of

    justice, should the defendant commit any of these offenses during his

    cooperation.  The defendant acknowledges and agrees that the information

11

that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

j.   The United States and the defendant agree that the defendant will continue his cooperation even after he is sentenced in the instant matter.  His failure to continue his cooperation will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment, which are to be dismissed in accordance with this agreement. Under these circumstances, the defendant expressly waives any rights he may have under the statute of limitations and the speedy trial provisions.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

22.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

a.    **EXCEPTIONS.**  The defendant reserves the right to timely file a direct appeal challenging:

(1)    any sentence imposed in excess of the statutory maximum;

Rev. 8/14

12

(2)    any sentence which constitutes an upward departure

or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of

counsel in a direct appeal or § 2255 motion.

22.    If the United States files a notice of appeal and such appeal is authorized by the

Solicitor General, the defendant is released from the appellate waiver.

23.    The defendant further reserves the right to timely move the district court for an

amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive

amendment to the Sentencing Guidelines which would affect the sentence.

24.    If the defendant receives a sentence within or below the advisory guideline range,

this plea agreement shall serve as the defendant's express directive to defense

counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by

the defendant.

**VIOLATION OF AGREEMENT**

25.    The defendant understands that if he breaches any provision of this Plea

Agreement, the United States will be free from any obligations imposed by this

agreement, but all provisions of the agreement remain enforceable against the

defendant. In the exercise of its discretion, the United States will be free to

prosecute the defendant on any charges of which it has knowledge. In such event,

the defendant agrees not to assert any objections to prosecution that he might have

under the Sixth Amendment and/or Speedy Trial Act.

Rev. 8/14

13

26.    In addition, if the defendant is released from detention prior to sentencing, he

understands that the United States will no longer be bound by this agreement if he

violates any condition of his release prior to sentencing or prior to serving his

sentence after it is imposed.

## ENTIRETY OF AGREEMENT

27.    This document is the complete statement of the agreement between the defendant

and the United States and may not be altered unless done so in writing and signed

by all the parties.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date:  August 13, 2018

Michael D. Anderson
Assistant United States Attorney

Date: August 13, 2018

Sean P. Costello
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the

offense charged in the Indictment pending against me.  I have read this Plea Agreement and

carefully reviewed every part of it with my attorney.  I understand this agreement, and I

voluntarily agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true

Rev. 8/14

14

and accurate in every respect, and that had the matter proceeded to trial, the United States could

have proved the same beyond a reasonable doubt.

Date: _8/23/18_

_____
JASON ALAN WILKINS
Defendant

I am the attorney for the defendant.  I have fully explained his rights to him with respect

to the offense(s) charged in the Indictment in this matter.  I have carefully reviewed every part of

this Plea Agreement with him.  To my knowledge, his decision to enter into this agreement is an

informed and voluntary one.  I have carefully reviewed the Factual Resume, incorporated herein,

with the defendant and to my knowledge, his decision to stipulate to the facts is an informed,

intelligent and voluntary one.

Date: _8/23/18_

_____
David Haas
Attorney for Defendant

Rev. 8/14

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO.  18-CR- 00169-WS |
| | ) | |
| JASON ALAN WILKINS | ) | |

## FACTUAL RESUME

The defendant, **JASON ALAN WILKINS**, admits the allegations of Count One of the

Indictment.

## ELEMENTS OF THE OFFENSE

**JASON ALAN WILKINS** understands that in order to prove a violation of Title 18

United States Code, Section 1958(a), as charged in Count One of the Indictment, the United

States must prove:

1.  The defendant with the intent that a murder be committed in violation of the laws
    of any State or the United States

2.  As consideration for the receipt of, or as consideration for a promise or agreement
    to pay, anything of pecuniary value
    a. traveled in
    b. conspired to travel in
    c. caused another (including the intended victim) to travel in
    d. conspired to cause another (including the intended victim) to travel in
    e. used the mail or any facility of
    f. conspired to use the mail or any facility of
    g. caused another (including the intended victim) to use the mail or any facility of
    h. conspired to cause another (including the intended victim) to use the mail or
    any facility of

3.  Interstate or foreign commerce

Rev. 8/14

2
## OFFENSE CONDUCT

Defendant, **JASON ALAN WILKINS**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case.  This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **WILKIN'S** plea of guilty.  The statement of facts does not contain each and every fact known to **WILKINS** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

HSI was involved in the investigation of smuggling of controlled substances from Europe into the United States. During the course of the investigation an individual contacted a cooperating defendant (CD) requesting a hitman. Multiple phone calls were made from Tampa, Florida to the Mobile, Alabama area. The individual requesting a hitman was identified as Jason Alan Wilkins (**WILKINS**). **WILKINS** was recently arrested on Florida state drug charges and believed the individual he wanted murdered was responsible for his arrest. Multiple phone conversation between the CD and **WILKINS** were recorded between May 21 and May 25, 2018.

The purpose of the phone conversations and text messages between **WILKINS** and the CD was to arrange a hitman to kill S.C. The text and phone conversations were between the CD in the Mobile, Alabama area and **WILKINS** in Tampa, Florida. **WILKINS** agreed to pay the hitman with a pound of methamphetamine and 5,500 dollars.

On May 25, 2018, an undercover HSI agent posing as a hitman met with **WILKINS** to discuss and make arrangements about murdering S.C., the individual **WILKINS** believed had him arrested. **WILKINS** agreed to pay for the murder by providing a pound of methamphetamine

Rev. 8/14

3

(actual) (ICE) prior to the murder and a pound of ICE after the murder. **WILKINS** valued the ICE at $5,500 a pound. On May 30, 2018, **WILKINS** placed 1,020.00 dollars in the U.S. Mail which he sent from Tampa, Florida arriving in Mobile, Alabama on May 31, 2018.

During the course of the communications between the CD and **WILKINS**, **WILKINS** ordered a shipment of methamphetamine to be delivered to the CD's home on May 25, 2018. **WILKINS** stated he planned to use this methamphetamine to pay for the murder. HSI Agents in Tampa located the package destined for **WILKINS'** residence and intercepted said package. This package had an airway bill attached to it that displayed tracking number 9470 1368 9784 6386 1181 21.

Later that day, **WILKINS** sent the CD a picture via an app showing that the package with the aforementioned tracking number was forwarded to a different house. **WILKINS** indicated that this was the package that contained a pound of methamphetamine. A U.S. Postal Inspector obtained a search warrant for the package. A search of the package revealed it contained a crystalline substance which field tested positive for methamphetamine. The package was addressed to Jason A. **WILKINS** at his address in Lakeland, FL. The weight of the methamphetamine was approximately 470 grams.

AGREED TO AND SIGNED.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: _____ August 13, 2018 _____

4 Michael J. Col
Michael D. Anderson
Assistant United States Attorney

Date: _____ August 10, 2018 _____

Sean P. Costello
Assistant United States Attorney
Chief, Criminal Division

Date: 8/23/18 _____

JASON ALAN WILKINS
Defendant

Date: 8/23/18 _____

David Haas
Attorney for Defendant

Rev. 8/14